Anthony J. Oliver, Plaintiff Pro Se
1978 GA Highway 147
Reidsville, Georgia, 30453
Phone: (912) 642-6320
E: Anthony.oliver222201@gmail.com

*Plaintiff Anthony Oliver,*
*APPEARING PRO SE,*

**FILED**

JUL 2 9 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| ANTHONY J. OLIVER,<br><br>      Plaintiff,<br><br>     vs.<br><br>ABC LEGAL SERVICES, L.L.C., a California limited liability company; ACE ATTORNEY SERVICE, Inc., a California Corporation; EXCLUSIVE ATTORNEY SERVICE, Inc., a California Corporation; COUNTY LEGAL SERVICE, Inc., a California Corporation; and DOES 1 through 10, inclusive.<br><br>      Defendants. | Case No.: 2:24 CV 02049 KJM (SK) (PS)<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES, DECLARATORY, INJUNCTIVE, AND PERMANENT RELIEF PURSUANT TO 42 U.S.C § 1983**<br><br>**DEMAND FOR JURY TRIAL** |

# I. INTRODUCTION AND GENERAL ALLEGATIONS

1.  Plaintiff Anthony J. Oliver attempted to file a civil action in the Kings County Superior Court, proceeding pro se, filed for a fee waiver, and was seeking to have a by a Kings County Superior Court Judge. After the filing was prepared to be efiled with the Superior Court, Plaintiff discovered that he could e-file his documents with the Court through an authorized private company under contract with the Kings County Superior Court. The Court lists over 30 efiling vendors to choose from to be able to file one's documents. What's more, it states on the Superior Court website that the efiling fees are waived with a valid court order. And so Plaintiff thought.

2.  Plaintiff, with the assistance of a friend, and his significant other, tried to e-file documents on Plaintiff's behalf, and upon going to the websites of all of the private vendors to e-file, Plaintiff and his friend weren informed that none of the Plaintiff's documents could be e-filed because the Plaintiff was proceeding to e-file using the fee waiver option, and each of the Defendant's in this case were demanding a efiling fee. It was also stated that Plaintiff must pay the efiling fee each time, to each defendant rather or not Plaintiff secures a fee waiver order.

3.  In another instance of trying to e-file, other vendors setup their e-filing website to where a person, or filer cannot select an option or click a button to inform the e-filing company that Plaintiff would be using a fee waiver to bypass having to pay the exuberant filing fees, and costs. In addition, all of the e-filing vendors required Plaintiff's significant other to register and setup an account prior to e-filing any documents. This process required Plaintiff and/or his significant other to enters valid credit card number.

4.  Plaintiff and his colleagues spent hours trying to setup e-filing accounts in Plaintiffs name only to find out that none of the e-filing companies that the Kings County Superior Court contracts with, will not in any way honor a fee waiver order. When Plaintiff contacted all of the e-filing vendors to inform them that Plaintiff was seeking a valid fee waiver order (fw-3 order), and that each defendant was denying Plaintiff access to the Courts, none of the e-filing vendors responded, or took action to correct their mistakes. Plaintiff also sent a letter to the e-filing vendors giving them an opportunity to fix the problems, but they have not. Plaintiff also informed the e-filing

PLAINTIFF'S COMPLAINT FOR DAMAGES,

vendors that Plaintiffs due rights process rights cannot be violated. To date, none of the e-filing vendors repsonded to the Plaintiffs cease and desist letter, and the e-filing vendors continue their illegal business practice acts by not allowing litigants the benefit of e-filing just because they don't have money, or the high exuberant filing fees to pay the e-filing vendors their fees thus necessitating the instant lawsuit.

5.   Plaintiff has now filed this action to seek damages, but most importantly, declaratory, and injunctive relief from the Defendants now, as well in the future so that pro se litigants and litigants with a valid fee waiver are not denied access to the Courts, and have his due process rights violated due to his inability to pay. Plaintiff also seeks an order from this Court enjoining the Kings County Superior Court from continuing to have valid contracts with the e-filing vendors until they agree to stop their illegal business practices' acts. This action is brought independently under the California Constitution and federal statutes incorporating those provisions directly or indirectly, as well as under the United States Constitution through 42 U.S.C. §1983. At all relevant times, Defendants, and each of them were, and still are, acting under the color of state law and authority.

## II. JURISDICTION AND VENUE

6.   Plaintiff brings his present federal claims for relief under 42 U.S.C. § 1983. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Plaintiffs' state law claims are so related to his federal law claims that they form part of the same case or controversy. Accordingly, supplemental jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367.

7.   Plaintiffs' claims arise out of acts of the Kings County Superior Court, in the County of Kings, the State of California. Accordingly, venue is proper within the Eastern District of California pursuant to 28 U.S.C. §§ 1391 and 1402(b) as all of the injuries arose from this District. In addition, each of the Defendants entered into a conspiracy with one another, aided and abetted one another, and all of the contracts, evidence, and witnesses are located within this Judicial District.

## III. PARTIES

8.   Plaintiff Anthony J. Oliver, ("Plaintiff"), is a resident of the State of Georgia, over the age of eighteen years old, and will be mentioned herein at all times. Plaintiff is permanently domiciled in the State of Georgia.

PLAINTIFF'S COMPLAINT FOR DAMAGES,

9. Defendant ABC Legal Services, L.L.C., (hereafter "ABC LEGAL") is a California limited liability company, existing under the laws of the State of California, and acting under the color of state law. Defendant ABC LEGAL is sued pursuant to 42 U.S.C. § 1983.

10. Defendant Ace Attorney Service, Inc., ("hereafter ACE") is a California Corporation existing under the laws of the State of California, and acting under the color of state law. Defendant ACE is sued pursuant to 42 U.S.C. § 1983 and can be served through its registered agent, Abdi Mohammed located at 811 Wilshire Blvd, Suite # 900, Los Angeles, California, 90017.

11. Defendant Exclusive Attorney Service, Inc., ("hereafter EXECLUSIVE") is a California Corporation existing under the laws of the State of California, and acting under the color of state law. Defendant EXECUSIVE is sued pursuant to 42 U.S.C. § 1983 and can be served through its registered agent, Cecil A. Watson located at 1301 W. 2nd Street, Suite # 208, Los Angeles, California, 90026.

12. Defendant County Legal Service, Inc., ("hereafter COUNTY") is a California Corporation existing under the laws of the State of California, and acting under the color of state law. Defendant COUNTY is sued pursuant to 42 U.S.C. § 1983 and can be served through its registered agent, Jason Lawrence Tretheway located at 816 S. Figueroa Street, # 100, Los Angeles, California 90017.

13. Plaintiff is currently ignorant of the true name(s) and the capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictious names DOES 1 through 10, inclusive, and therefore, sues such civil Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to allege the true names and capacities of said fictitiously named Doe Defendants is legally responsible in some manner for the events and is also sued pursuant to California Code of Civil Procedure 474.

14. Plaintiff is informed and believes and thereon alleges that the Defendants, including the fictitious Doe Defendants, were at all times acting as actual agents, conspirators, ostensible agents, partners and/or joint ventures and their employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy, or enterprise, and with the express and/or implied permission, with all such knowledge, consent, authorization and ratification of their own co-Defendants however, each of these

- 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

allegations are deemed alternative theories whenever not doing so would result in a contraction with the other allegations.

15. Whenever the Complaint refers to any act of the Defendants, the allegations shall be deemed to mean the act of those Defendants names in the particular cause of action, and each of them, acting individually, jointly and severally.

### IV.  COMMON FACTUAL ALLEGATIONS

16. On or about June 22 2024, Plaintiff Anthony J. Oliver, ("Plaintiff"), attempted to file a pro se civil complaint for State violations of the Calidornia Rosenthal Act, and federal violations under the fair credit reporting act against a credit card company called Credit One Bank, who illegally obtained Plaintiff's credit reports, and ran his credit trade line without his consent with the Kings County Superior Court.  Plaintiff never authorized Credit One to obtain his credit report, or allow it to run his credit.

17. After the prposed filing Plaintiff immediately prepared a fee waiver using California Judicial Council form fw-003. The fee waiver would entitle Plaintiff to proceed without prepaying the filing fee. It would also waive any and all efiling fees to each of the Defendants.

18. Notwithstanding the fact that Plaintiff recently had contact with the corona virus, but Plaintiff in an effort to protect court staff from contact, south assistance from friends, family and his significant other in filing his pro se court documents. Plaintiff, by and through his friends, family and significant other discovered that Plaintiff could e-file his documents in the Kings County Superior Court by selecting one of its approved efiling vendors. By way of selecting a e-filing vendor that the court approved contracts with to help lawyers, and litigants e-file documents as opposed to mailing their documents, or filing them in person.

19. On an unknown date and time to Plaintiff, upon information and belief, by and through the State of California, and the Kings County Board of Supervisors, ("COUNTY"), entered into a written contract with over 30 California corporations to provide exclusive power to these various attorney service companies to access the COUNTY court databases, and the e-filers money. Through these lucrative contracts, the e-filing Defendants charge a client exuberant fees to e-file the documents. In return, acting under the color of state authority, the e-filing vendors and Defendants remit a portion of the funds back to the COUNTY for its role of providing the e-filing vendors and

- 5 -

Defendants access to the court databases. Acting under the color of state law, the COUNTY allowed the e-filing vendors and Defendants to obtain money from litigants, who then in turn, e-file documents for litigants. Upon information and belief, COUNTY gives exclusive power that allows the e-filing vendors and Defendants to deny a filing based on a persons, or litigants inability to pay so that both COUNTY and the e-filing vendors and Defendants could each reap the benefit of the revenue pouring in. Acting under the color of authority, once document or pleading is filed with the e-filing vendors and Defendants, the e-filing Defendants then divide up the funds thereby transmitting funds to COUNTY and to themsleves to help expand the growth of their businesses. At all times relevant, Defendants was and still is, placed on notice that the denial of being able to e-file due to Plaintiff's inability to pay due to lack of funds violates Plaintiff's Fourteenth Amendment rights.

20. On or about June 22, 2024 Plaintiff's friends, family and his significant other went onto the COUNTY website and found that Plaintiff could e-file his court documents by way of selecting a approved vendor on the Superior Court's website. The list of approved vendors consisted on various California corporations identified as ABC Legal Services, L.L.C., ("hereafter ABC LEGAL"), Ace Attorney Service, Inc., ("hereafter ACE"), Exclusive Attorney Service, Inc., ("hereafter EXECLUSIVE"), and County Legal Service, Inc., ("hereafter COUNTY")(collectively Defendants").

21. That Same day, Plaintiff went to each of the websites belonging to the Defendants' websites, with the assistance of his significant other, and were instructed to setup and/or register for an account with each of the Defendants' to permit Plaintiff, by and through his significant other, and friends, to e-file his documents. Plaintiffs signicant other went on each website, setup an account, and prepared to e-file Plaintiff's documents. The first step was, that Plaintiff was required to upload the documents using a PDF format. The second step was to enter the case number. Then when it was time to e-file the Plaintiff's documents, the Plaintiffs significant other could not proceed with the filing due to the fact that plaintiff had a valid fee waiver on file. There was no option, or feature that allowed Plaintiff and his significant other to upload a copy of the fee waiver, and/or a fee waiver order.

22. Further, the Plaintiff's significant other was not allowed to advance to the next screen because Plaintiff was forced to enter a credit card number for payment to each of the

PLAINTIFF'S COMPLAINT FOR DAMAGES,

Defendants despite having a fee waiver to present to the Defendant. Because Plaintiff has no income, he would instantly be approved with the Kings County Superior Court.

23. Furthermore, Plaintiff's significant other repeated the same steps by going to each of the Defendants websites in hopes that Plaintiff's significant other could find a vendor that would accept Plaintiffs documents and his fee waiver, but did not. No matter what, Plaintiff still had to pay the efiling fees despite the fact that the Court posted on the official Superior Court website that Plaintiffs proceeding with a fee waiver, or applying for one, are not required to pay the efiling fees to each of the Defendants.

24. Plaintiff went to one website for Defendants' ABC LEGAL, ACE, EXCLUSIVE and COUNTY who advertise that they would accept Plaintiffs documents with a fee waiver, but that was not true. Plaintiff's significant other spent two hours setting up an account with both ABC LEGAL, ACE, EXCLUSIVE and COUNTY only to find out that neither accepts fee waivers, or fee waiver orders to waive the e-filing fee despite the fact that COUNTY advertises that when a litigant is authorized to proceed with prepayment of the filing fees, and granted a fee waiver status, that fee waiver also waives the vendor e-filing fees. At first blush, this sounded like a really great deal.

25. In another go around, when Plaintiff went back to each of the websites, for each Defendant, ABC LEGAL, ACE, EXCLUSIVE and COUNTY to try and e-file Plaintiffs documents using his fee waiver, and was when Plaintiffs significant other was again directed to enter a credit card number to pay for the e-filing service, he was instructed to call the phone number listed on their websites. There, Plaintiff spent hours on the phone and spoke to a customer service representative and the customer service representative informed Plaintiff that the Defendants are not required to waive any e-filing fees for Plaintiff. Further, the customer service representative informed Plaintiff's significant other that the filing fee would be $ 40.00 dollars rather or not Plaintiff had a valid fee waiver in the aforementioned case. When Plaintiff informed the Defendants that they were required to waive the e-filing fees, the customer service representatives informed Plaintiff that they had the authority to deny Plaintiffs e-filing if using a fee waiver, or proposed fee waiver order. Upon information and belief, Plaintiff believes and thereon alleges that COUNTY gives the Defendants, and each of them, the authority to deny Plaintiffs e-filing based on his inability to pay the e-filing

PLAINTIFF'S COMPLAINT FOR DAMAGES,

fees. None of the Defendants, ABC LEGAL, ACE, EXCLUSIVE and COUNTY allowed Plaintiff to e-file his documents with the proposed fee waiver, and fee waiver order.

26. Acting under the color of state law, Defendants ABC LEGAL, ACE, EXCLUSIVE and COUNTY interfered with Plaintiff's rights to access the a courts by efiling his documents. Defendants and each of them, were more interested in collecting the high exuberant efiling fees instead. Acting under the color of state law, each Defendant was given the exclusive power to pick and choose who gets to use their efiling systems to efile documents. Simply put, the Defendants, ABC LEGAL, ACE, EXCLUSIVE and COUNTY picked only the people, litigants, and Plaintiffs who have the ability to pay $ 40.00 for each filing, and Plaintiff unfortunately was not one of them.

27. At all relevant times, Defendants ABC LEGAL, ACE, EXCLUSIVE and COUNTY maintain a written contract with COUNTY that allows them to obtain and gain access to public court records, and review public documents in the possession of the COUNTY. In return, the Defendants' become state actors pursuant to 42 U.S.C. § 1983.

28. Defendants, ABC LEGAL, ACE, EXCLUSIVE and COUNTY knew and had reason to know that Plaintiffs First and Fourteenth Amendments to the United States Constitution would be violated, but the Defendants and each of them, still put in place a system to where the Defendants would refuse to file Plaintiffs documents unless he paid the exuberant filing fees to each of the Defendants.

29. On June 28, 2024, Plaintiff sent letters to Defendants ABC LEGAL, ACE, EXCLUSIVE and COUNTY demanding that they stop their illegal business practices acts, and another letter was sent to COUNTY to provide Plaintiff with a copy of the written contract between COUNTY and Defendants, but with what came as no surprise to anyone, none of the Defendants responded to Plaintiffs letter, or provided Plaintiff with a copy of the contract between the COUNTY and the Defendants.

30. On June 29, 2024 Plaintiff sent another round of letters to each of the Defendants now informing them since they did not stop their civil rights violations, they are now facing litigation. Neither of the Defendants rsponded to Plaintiffs last letter.

31. At all times relevant to this action, Defendants ABC LEGAL, ACE, EXCLUSIVE and COUNTY were and still are, acting under the color of state law pursuant to 42 U.S.C. 1983.

PLAINTIFF'S COMPLAINT FOR DAMAGES,

32. As a direct result of the actions of the Defendants, and each of them, Plaintiffs rights guaranteed to him by the First and Fourteenth Amendments have been violated. The acts of each Defendant were intentional, reckless and carried out with a complete disregard for the rights of the Plaintiff thereby entitling Plaintiff to an award of punitive damages pursuant to California Code of Civil Procedure § 3294 to make an example of them.

33. As a further and direct result of the actions of the Defendants and each of them, Plaintiff was and still is, being required to pay thousands of dollars in copies, postage, envelopes, notary and paper to file his documents in paper format. Had Defendants, ABC LEGAL, ACE, EXCLUSIVE and COUNTY accepted Plaintiff's proposed fee waiver, and allowed to efile his documents, then Plaintiff would not have been required to pay money for paper copies and other money associated with filing by paper.

### FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 - First Amendment Right to Petition

### Plaintiff v. All Defendants

34. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

35. Defendants ABC LEGAL, ACE, EXCLUSIVE and COUNTY acting under the color of state law, unlawfully denied Plaintiff access to the petition the Courts by interfering with Plaintiff's rights to e-file his documents.

36. Defendants and each of them knew, and had reason to know that Plaintiffs rights to petition the Court could not be abridged due to Plaintiffs inability to pay the exuberant e-filing fees to each of the Defendants who were, and still are, acting in concert with Kings County Superior Court who established an agreement that the Defendants would deny Plaintiff access to the Courts unless Plaintiff paid the exuberant filing fees, all of which was divided up amongst the Defendants, and COUNTY.

37. Defendants and each of them, were and still are, acting under the color of authority pursuant to 42 U.S.C. § 1983.

38. As a result of the actions of the Defendants, and each of them, Plaintiff has sustained actual damages in the form of money for having to borrow money for filings.

39. The actions of the Defendants justify an award of punitive damages pursuant to California Code of Civil Procedure § 3294 to make an example of them.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 - Fourteenth Amendment Due Process

### Plaintiff v. All Defendants

40. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

41. Defendants, and each of them, admittedly denied Plaintiff access to the Courts, and to benefit from e-filing based on his inability to pay the e-filing fees to the Defendants.

42. Acting under the color of authority, Defendants systematically denied Plaintiff his due process and first amendment rights because he has no money to pay the Defendants their exuberant e-filing fees that the Defendants share.

43. Defendants and each of them knew and had reason to know that Plaintiff's due process rights guaranteed by Fourteenth Amendment to the United States Constitution would be violated, and they still carried out their violations anyways.

44. Defendants ABC LEGAL, ACE, EXCLUSIVE and COUNTY were and still are, acting under the color of authority pursuant to 42 U.S.C. § 1983.

45. As a result of the actions of the Defendants, and each of them, Plaintiff has sustained actual damages in the form of money for filings.

46. The actions of the Defendants justify an award of punitive damages pursuant to California Code of Civil Procedure § 3294 to make an example of them.

## THIRD CAUSE OF ACTION

### Negligence Under California State Law

### Plaintiff v. All Defendants

47. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

48. Defendants ABC LEGAL, ACE, EXCLUSIVE and COUNTY negligently and intentionally put in place a feature in their services, and on their websites, to ensure that Plaintiff, his friends, and family would not be able to upload, or e-file any court documents with a valid fee waiver order, or proposed fee waiver unless the Plaintiff paid the high exuberant filing fees the Defendants set in motion.

49. Defendants, and each of them intentionally and negligently interfered with Plaintiffs rights to e-file his documents with a valid fee waiver and proposed fee waiver order.

50. Plaintiff has been damaged in an amount to be determined at trial in this case.

- 10 -

51. Plaintiff seeks declaratory and injunctive relief against each of the Defendants to stop their illegal business practices.

## FOURTH CAUSE OF ACTION

### California Business & Professions Code §17200 *et seq.,*

### Plaintiff v. All Defendants

52. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

53. Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice.

54. Section 17200 specifically prohibits any "unlawful . . . business act or practice." Defendant has violated § 17200's prohibition against engaging in an unlawful act or practice by, inter alia, denying Plaintiff access to the Courts due to inability to pay, all of which is punishable and prohibited under both federal and California state laws.

55. Section 17200 also prohibits any "unfair . . .business act or practice." As described in the preceding paragraphs, Defendants engaged in the unfair business practice of interfering with Plaintiffs rights to e-file, access the Courts, benefit from a government program, other related causes of actions. The e-filing Defendants engaged in a scheme to split the proceeds from their illegal business practices acts with the County of San Diego thereby violating § 17200.

56. Section 17200 also prohibits any "unfair . . .business act or practice." As described in the preceding paragraphs, the Defendants ABC LEGAL, ACE, EXCLUSIVE and COUNTY engaged in the unfair business practice of assuming control of the e-filing business and operations and use these systems to deny Plaintiff the most basic fundamental rights related to activity related to accessing the Courts.

57. Defendants' business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this State. Further, any justifications for the Defendants' wrongful conduct are outweighed by the adverse effects of such conduct. Thus, the Defendants engaged in unfair business practices prohibited by California Business & Professions Code § 17200 et seq.

58. Section 17200 also prohibits any "unfair, deceptive, untrue or misleading advertising." For the reasons set forth above, the e-filing Defendants engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business

& Professions Code §17200. Defendants violated § 17200 when they misrepresented to Plaintiff and the public that the accept fee waivers or orders in order to e-file his documents.

59. Defendants' conduct caused and continues to cause substantial injury to Plaintiff to date. Plaintiff has suffered injury in fact and lost money as a result of Defendants' unfair conduct. Additionally, pursuant to California Business & Professions Code § 17203, Plaintiff seeks an order requiring Defendants ABC LEGAL, ACE, EXCLUSIVE and COUNTY to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendants to return the full amount of money improperly collected to all those who have paid him.

60. As such, Plaintiff requests that this Court order the e-filing Defendants to restore all money to Plaintiff, and to enjoin Defendants from continuing these unfair practices in violation of the UCL now, and in the future.  Otherwise, Plaintiff, will be irreparably harmed and/or denied an effective and complete remedy.

61. Plaintiff is also entitled to any form of restitution that may be ordered by this Court that Plaintiff may seek.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Anthony Oliver respectfully requests damages against each Defendant as follows:

a. General and special damages according to  proof;

b. Compensatory damages according to proof;

c. Temporary, preliminary and permanent injunctive relief prohibiting Defendants from continuing to engage in their unlawful practices complained of herein by denying litigants, members of the public, and any pro se litigant from continuing to deny access to the courts;

d. An award punitive damages pursuant to California Code of Civil Procedure, section 3292 to make an example of the Defendants;

e. Order the Defendants to pay Plaintiff restitution in this case.

f. An order of this Court directing the Defendants to cease and desist in their illegal business practices acts;

g. An order from this Court directing the Judicial Council of California and/or the Kings County Superior Court Clerk to remove the Defendants from the Court's efiling vendor

list, the Superior Court website, and to permanently enjoin them from contracting with the Defendants;

h.   An order enjoining the Defendants from their continued illegal business practices acts;

i.   A declaration from this Court that the Defendants violated Plaintiffs federal civil rights and various state laws;

j.   Award Plaintiff all of his costs of suit pursuant to 28 U.S.C. § 1920; Federal Rules of Civil Procedure, rule 54(d); California Code of Civil Procedure § 1021.5, and whatever other statute or law may be applicable; and

k.   Such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: 7-18-24

Anthony Oliver, Plaintiff Pro Se
1978 GA Highway 147
Reidsville, Georgia, 30453
Telephone: (912) 642-6320
Anthony.oliver222201@gmail.com

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the United States Constitution, Plaintiff does and hereby respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

Dated: 7-18-24

Anthony Oliver, Plaintiff Pro Se
1978 GA Highway 147
Reidsville, Georgia, 30453
Telephone: (912) 642-6320
Anthony.oliver222201@gmail.com

- 13 -

PLAINTIFF'S COMPLAINT FOR DAMAGES,