|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| ANTHONY J. OLIVER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ABC LEGAL SERVICES, L.L.C., et al.,<br><br>　　　　Defendants. | Case No.  1:24-cv-00895-JLT-BAM<br><br>**ORDER DENYING MOTION TO SET ASIDE DEFAULT AS MOOT AND GRANTING LEAVE TO FILE ANSWER** (Doc. 82)<br><br>**ORDER DENYING *EX PARTE* APPLICATON FOR EXTENSION OF TIME** (Doc. 88)<br><br>**ORDER DENYING MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT DIRECT LEGAL SUPPORT, INC.** (Doc. 66) |

Plaintiff Anthony J. Oliver, a prisoner proceeding *pro se*, initiated this civil action on July 29, 2024.  (Doc. 1.)  He filed the operative first amended complaint on August 9, 2024.  (Doc. 11.)  On October 29, 2024, Plaintiff filed a motion for entry of default against Defendant Direct Legal Support Inc.  (Doc. 66.)

On November 7, 2024, Defendant Direct Legal Support Inc. filed a motion for relief from default and for leave to file an answer to Plaintiff's first amended complaint.  (Doc. 82.)  Defendant Direct Legal Support Inc. asserts that there is good cause to set aside the default because it erroneously believed that Plaintiff intended to dismiss it from this case based on an email received by its counsel.  (*Id.* at 5.)  According to the proof of service, Plaintiff was served with a copy of the motion for relief by mail.  (*Id.* at 21.)

1

On November 25, 2024, Plaintiff filed an *ex parte* application for an extension of time to respond to Defendant Direct Legal Support Inc.'s motion to set aside default. (Doc. 88.) Plaintiff asserts that he has not received any copies of the motion, and there is no record of any legal mail being sent to Plaintiff at Baldwin State Prison. (Doc. 88.) Plaintiff reports that he has contacted defense counsel regarding the failure to receive copies of the motion. Plaintiff also reports that he attempted to contact counsel to obtain consent for the extension of time, but he was unable to do so. (*Id.*)

A review of the Court's docket in this action reflects that no default as to Defendant Direct Legal Support Inc. has yet been entered by the Clerk of Court. (*See generally* Docket.) Entry of default is appropriate where a party has "failed to plead or otherwise defend" a suit. Fed. R. Civ. P. 55(a). The entry of default would not be appropriate now given that Defendant Direct Legal Support Inc. has appeared and seeks to defend by filing an answer to the operative complaint. *See Stephens v. St. Francis Med. Ctr.*, 2018 WL 3655659, at *18 (C.D. Cal. June 22, 2018) ("[T]he entry of default would not appropriate at this juncture since each such defendant has now appeared and filed or joined a motion to dismiss."); *see also Lee v. Brotherhood of Maint. of Way Emps.-Burlington N. Sys. Fed'n*, 139 F.R.D. 376, 381 (D. Minn. 1991) ("Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits.") (citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure*, § 2682 at 411 (2d ed. 1983)); *cf. Brown v. California*, No. CV 23-1966 ODW (PVC), 2023 WL 3979449, at *1 (C.D. Cal. May 19, 2023) (determining that appearance and motion to dismiss filed after request for entry of default sufficient to preclude entry of default). Absent entry of default, the pending motion to set aside default by Defendant Direct Legal Support Inc. is moot. Likewise, any request for an extension of time to respond to such motion is moot.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant Direct Legal Support Inc.'s motion for relief from default is DENIED as moot.

2. Defendant Direct Legal Support Inc.'s request for leave to file an answer to the first

amended complaint is GRANTED.  Within **seven (7) days** of the date of this order, Defendant Direct Legal Support Inc. shall serve and file its responsive pleading.

3. Plaintiff's *ex parte* application for an extension of time to respond to the motion for relief from default (Doc. 88) is DENIED as moot.

4. Plaintiff's motion for entry of default (Doc. 66) against Defendant Direct Legal Support Inc. is DENIED.

IT IS SO ORDERED.

Dated:   **December 2, 2024**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE