UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. OLIVER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ABC LEGAL SERVICES, L.L.C., et al.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00895-JLT-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY ACTION**<br><br>(Doc. 92)<br><br>**ORDER GRANTING EXTENSION OF TIME FOR PLAINTIFF TO RESPOND TO DEFENDANT GREEN FILING, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Deadline: January 31, 2025 |

Plaintiff Anthony J. Oliver, a prisoner proceeding *pro se*, initiated this civil action on July 29, 2024. (Doc. 1.) He filed the operative first amended complaint on August 9, 2024. (Doc. 11.) Currently before the Court is Plaintiff's motion requesting a stay of this action, filed on December 10, 2024. (Doc. 92.) The motion was referred to the undersigned for appropriate action. (Doc. 94.)

By his motion, Plaintiff requests that the Court stay this action for sixty (60) days. Plaintiff explains that he tested positive for COVID-19 on November 18, 2024, and was placed in a medical observation room for sixty days for evaluation and treatment. During his placement, he has not had access to a law library, legal mail is opened in front of him, but not provided to him, and he has no access to a telephone or copies. (Doc. 92.) Plaintiff requests a stay of this action until he is treated and released from the prison infirmary isolation. He expects to recover in almost four weeks. (*Id.*)

1

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 68, 706 (1997) (citation omitted). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.

Based on the information presented, Plaintiff has not met his burden of establishing the need to stay this action. Despite his medical condition, Plaintiff has demonstrated that he has the ability to file a motion or communicate with the Court. (Doc. 92 at 1-2.) Further, Plaintiff has not identified any particular motion or deadline which he wishes to be extended. The Court declines to impose a sixty-day extension of all deadlines, or an indefinite stay of this action. If there are specific deadlines that Plaintiff believes he will be unable to meet due to his medical evaluation and treatment, Plaintiff may send the Court a motion requesting an extension of time on that basis. The Court recognizes, however, that Defendant Green Filing, LLC filed a motion to dismiss this action for failure to state a claim on December 10, 2024. (Doc. 93.) The Court will grant Plaintiff an extension of time to file a response to Defendant Green Filing, LLC's motion to dismiss. The extension of time will be calculated based, in part, on a sixty-day period of medical observation beginning November 18, 2024.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to stay this action (Doc. 92) is DENIED without prejudice.
2. Plaintiff shall file any response to Defendant Green Filing, LLC's motion to dismiss **no later than January 31, 2025**.

IT IS SO ORDERED.

Dated: __December 16, 2024__         /s/ *Barbara A. McAuliffe* _
                                     UNITED STATES MAGISTRATE JUDGE

2