UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. OLIVER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ABC LEGAL SERVICES, L.L.C., et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-00895 JLT BAM<br><br>**ORDER GRANTING MOTION TO STRIKE LEGALESE ATTORNEY SERVICE, LLC'S ANSWER; AND DISMISSING ENTIRE ACTION WITHOUT PREJUDICE**<br><br>(Docs 71, 96) |

　　　　Anthony J. Oliver, a prisoner proceeding *pro se*, initiated this civil action on July 29, 2024. (Doc. 1.) He filed the operative first amended complaint on August 9, 2024. (Doc. 11.) On January 21, 2025, he filed a notice of dismissal attempting to voluntarily dismiss without prejudice all remaining claims against all remaining defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). That rule permits voluntary dismissal only "before the opposing party serves either an answer or a motion for summary judgment." *Id*. Because two of the still-remaining parties have filed answers, automatic dismissal under Rule 41(a)(1)(A)(i) is not immediately effective and further analysis is required.

　　　　As a threshold matter, Legalese Attorney Service, LLC, filed a pro se answer on September 18, 2024. (Doc. 30.) However, because Legalese is a corporate entity, it may not proceed pro se. Local Rule. 183(a); *see Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."); *see also Jackal of Trades, LLC v.*

1

*Bethel Church*, No. 2:23-CV-00142-DJC-KJN (PS), 2023 WL 3737059, at *1 (E.D. Cal. May 31, 2023). This defect was pointed out to Legalese in Plaintiff's motion to strike (Doc. 71), which was served on Legalese by U.S. Mail on November 20, 2024. (*See* Doc. 92 at 2). As of the date of this Order, Legalese has not responded to the motion to strike or otherwise communicated with the Court, and no attorney has entered an appearance on its behalf. Plaintiff's motion to strike (Doc. 71) Legalese's answer is therefore **GRANTED** and the answer (Doc. 30) is **STRICKEN**. Consequently, apart from Direct Legal Support, the record now contains no answer or motion for summary judgment from Legalese or any other remaining defendant. Voluntary dismissal of all these defendants is therefore appropriate under Rule 41(a)(1)(A)(i).

Defendant Direct Legal Support also filed an answer on December 7, 2024, (Doc. 90), but has consented to the dismissal (Doc. 97). Therefore, dismissal of Direct Legal Support is appropriate under Rule 41(a)(1)(A)(ii).

To the extent there is any doubt about the effectiveness of these dismissals under the above rules, the Court finds it appropriate to dismiss this entire action without prejudice under these circumstances pursuant to Federal Rule of Civil Procedure 41(a)(2), which aligns with Plaintiff's original request to dismiss without prejudice.

## CONCLUSION AND ORDER

For the reasons set forth above:

(1) Plaintiff's motion to strike Legalese's answer (Doc. 71) is **GRANTED**.

(2) Legalese's answer (Doc. 30) is **STRICKEN**.

(3) All remaining claims against all remaining defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a)(2).

(4) The Clerk of Court is directed to terminate all pending motions and deadlines and **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated: __**January 23, 2025**__                      /s/ Jennifer L. Thurston
                                                                          UNITED STATES DISTRICT JUDGE

2